# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

**ROY O. DANIELS,**
**DOC # L25255,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　**Case No.  1:26cv002-TKW-MAF**

**TERESA BARBER,**
**and JAMES HAIGLER,**

    **Defendants.**
**_____/**

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has attempted to initiate a civil rights case in this Court by submitting a civil rights complaint, ECF No. 1, and a motion for leave to proceed in forma pauperis, ECF No. 2.  Both documents have been reviewed.

Plaintiff is a prisoner incarcerated in the custody of the Florida Department of Corrections and currently housed at Florida State Prison.  As a prisoner, there are essentially two requirements Plaintiff must meet to be granted in forma pauperis status.  28 U.S.C. § 1915.

First, he must demonstrate that he lacks funds to pay the filing fee. 28 U.S.C. § 1915(a)(1).  Plaintiff's inmate bank account statement which was attached to his in forma pauperis motion makes that showing.  ECF No. 2.

Second, a prisoner is only entitled to in forma pauperis status if he does not have "three strikes" under 28 U.S.C. § 1915(g).  If a prisoner "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner cannot proceed with in forma pauperis status "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Plaintiff is not entitled to in forma pauperis status because he has "three strikes" under§ 1915(g).

In finding that Plaintiff has "three strikes" and is barred from being granted leave to proceed in forma pauperis, the Court notes that Plaintiff did not honestly list his litigation history in his complaint.  ECF No. 1.  The complaint form requires a prisoner to honestly list all prior state and federal cases.  *Id.* at 12.  The form directs prisoners to "err on the side of caution if you are uncertain whether a case should be identified."  *Id.*  Plaintiff,

Case No. 4:25cv415-AW-MAF

however, did not use caution in completing the complaint form. He carelessly reported that he "probably" had only one prior case "dismissed as failure to state a claim or frivolous." *Id.* at 13. Plaintiff said he could not "find the case," and he listed only one prior case which he said was currently pending - case number 4:25cv384-MCR-MJF. *Id.* That is not correct.

Plaintiff[1] previously filed case number 0:15cv61222-WJZ in the Southern District of Florida. That civil rights case was dismissed on September 3, 2015, because his complaint failed to state a claim and because he attempted to sue a defendant who is immune from suit. ECF No. 15 of that case. That dismissal counts as a "strike" under § 1915(g).

Plaintiff filed case number 3:17cv128-MMH-J_T in the Middle District of Florida. That civil rights action was dismissed on March 17, 2017, because none of Plaintiff's claims were sufficient to state a claim under § 1983. ECF No. 6 of that case. That dismissal counts as Plaintiff's second "strike."

---

[1] The Court has confirmed that the cases cited were filed by Plaintiff Roy O. Daniels, the same Plaintiff in this case by reference to his DOC inmate number - L25255.

Case No. 4:25cv415-AW-MAF

In December 2022, Plaintiff filed a civil rights case in this Court - case number 4:22cv450-TKW-MAF. It was dismissed on February 27, 2023, pursuant to § 1915(e)(2)(B)(i) as malicious. ECF No. 11 of that case. That dismissal counts as Plaintiff's third "strike."

That case should also have served as notice to Plaintiff of the importance of keeping up with his litigation history and honestly disclosing all prior cases filed. It is Plaintiff's obligation to keep an accurate listing of his cases, and he has filed many more cases than the one federal case reported in his complaint. ECF No. 1 at 13. It is not sufficient to claim that officers "ramsacked & destroyed" his files. *Id.* at 13, 14. Furthermore, the reason stated for that alleged action is telling - Plaintiff said it was "due to filing cases against F.D.O.C." *Id.* at 13. Thus, Plaintiff contradicted his assertion that he has filed just one federal case and had only one federal case dismissed as frivolous, malicious, or for failure to state a claim.[2] The Court takes judicial notice that Plaintiff has initiated 16 federal cases (both habeas and civil rights), including this case.[3]

---

[2] Plaintiff listed several state court cases in his complaint, *see* ECF No. 1 at 15, but he listed only one federal case - case number 4:25cv384-MCR-MJF. *Id.* at 13-18.

[3] Plaintiff filed 6 cases in the Southern District of Florida: case # 0:2015cv61222; case # 0:2016cv60227; case # 0:2018cv61436; case # 9:2018cv80840; case #

Because Plaintiff has three strikes, his complaint was reviewed to determine if he alleged a sufficient factual basis to grant his in forma pauperis motion. That is, Plaintiff must demonstrate that he is facing imminent danger. He has not done so. ECF No. 1.

Plaintiff's complaint does not concern activities within the Florida Department of Corrections. Instead, Plaintiff is complaining about the actions of his half-sister. ECF No. 1 at 6-8. His request for relief is for issuance of a court order which directs her to sell his assets at a reasonable fair market value. *Id.* at 8, 10. Thus, Plaintiff has not alleged facts which show he faces imminent danger of serious physical injury.

Plaintiff is not entitled to proceed with in forma pauperis status. Therefore, Plaintiff's motion for in forma pauperis status, ECF No. 2, should be denied and this case should be dismissed without prejudice. <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). Plaintiff "cannot

---

9:2018cv81592; and case # 0:2019cv62464. Plaintiff litigated three cases in the Middle District of Florida - case # 3:2016cv00518; case # 3:2017cv00128; and case # 3:2018cv01123. Plaintiff filed seven cases in this District - case # 5:2014cv00277; case # 1:2016cv00017; case # 1:2016cv00159; case # 4:2018cv00401; case # 4:2022cv00450; case # 4:2025cv00348; and this case, case # 1:2026cv00002.

Case No. 4:25cv415-AW-MAF

simply pay the filing fee after being denied in forma pauperis status."

Dupree, 284 F.3d at 1236.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that the motion for leave to proceed in forma pauperis, ECF No. 2, be **DENIED** and this case be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).  It is further recommended that if this Recommendation is adopted by the Court, the Clerk of Court should be directed to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on January 7, 2026.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES
**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:25cv415-AW-MAF